**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 23 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD LEE COTHRUM,

     Petitioner-Appellant,

v.

STEVE HARGETT,

     Respondent-Appellee.

Nos. 99-5220 & 99-5237

(D.C. No. 97-CV-491-K)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY**, and **LUCERO**, Circuit Judges.[**]

An Oklahoma state jury convicted Petitioner Richard Lee Cothrum in 1989 of first

degree rape, robbery with a dangerous weapon, and kidnapping, all after former

conviction of two or more felonies in Tulsa County, Oklahoma, District Court. The jury

subsequently sentenced Petitioner to 800 years, 300 years, and 400 years imprisonment on

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2)(c); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

each conviction, respectively, with the sentences to run concurrently. Petitioner appealed and the Oklahoma Court of Criminal Appeals affirmed Petitioner's conviction and sentence on November 29, 1989. Petitioner subsequently sought post-conviction relief in state district court. The state court denied relief, and the Oklahoma Court of Criminal Appeals affirmed on February 15, 1995. Cothram v. Oklahoma, No. F-86-871, unpub. mem. op. (Okla. Crim. App. filed Feb. 15, 1995). On May 21, 1997, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in federal district court. The district court denied the petition as well as Petitioner's motion for a certificate of appealability. See 28 U.S.C. § 2255. Now before us is Petitioner's renewed motion.[1]

The district court concluded that Petitioner's § 2254 petition was untimely because Petitioner failed to file the petition within the one-year limitations period prescribed by 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner's conviction became final on or about February 29, 1990, after the 90 day time period for filing a petition for writ of certiorari in the United States Supreme Court had lapsed. See Rhine v. Boone, 182 F.3d 1153, 1155-56 (10th Cir. 1999). Accordingly, Petitioner's conviction became final before enactment of the

---

[1] In appeal No. 99-5220, Petitioner appeals the district court's dismissal of his § 2254 petition. We abated appeal No. 99-5220 for a period of time pending the district court's ruling on Petitioner's motion for reconsideration. When the district court denied Petitioner's motion, we lifted the abatement and the appeal proceeded. Petitioner, however, filed a second notice of appeal, from the denial of his motion for reconsideration. This second notice of appeal was opened as No. 99-5237 and was consolidated with Petitioner's previous filing, No. 99-5220.

AEDPA. Because Petitioner failed to file his § 2254 petition prior to April 24, 1997, the district court concluded that his petition was untimely and dismissed it. See Hoggro v. Boone, 150 F.3d 1223, 1225-27 (10th Cir. 1998) (holding that prisoners whose convictions became final on or before April 24, 1996 must file habeas petitions before April 24, 1997). While the limitations period is generally tolled during the time a petitioner has "a properly filed application for State post-conviction or other collateral review" pending in the state courts, 28 U.S.C. § 2244(d)(2), Petitioner's only application for post-conviction relief was filed and resolved prior to the April 24, 1996 commencement of the grace period. Consequently, Petitioner's post-conviction proceeding did not toll the limitations period. Further, the district court concluded that Petitioner failed to demonstrate extraordinary circumstances sufficient to justify equitable tolling of the limitations period.

A petitioner may appeal the denial of a § 2254 petition only if "a circuit justice or judge" issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). We have thoroughly reviewed Petitioner's application for a certificate of appealability, his brief, the district court's order, and the entire record before us. We conclude the Petitioner's petition is untimely substantially for the reasons set forth in the district court's order

dismissing his petition. Accordingly, we deny Petitioner's request for a certificate of appealability and dismiss the appeals.[2]

CERTIFICATE OF APPEALABILITY DENIED; APPEALS DISMISSED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

---

[2] Petitioner also filed a Motion to Introduce Appendix, consisting of a newspaper article. Because the record already contains the article, see Petitioner's reply brief exhibit 5 and Petitioner's opening brief on appeal exhibit 1, Petitioner's motion is DENIED.