**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BRYAN MARK BIERIG,

      Petitioner - Appellant,

v.

MIKE MULLINS,

      Respondent - Appellee.

No. 05-6137
(D.C. No. CIV-04-925-R)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **O'BRIEN**, and, **TYMKOVICH**, Circuit Judges.

Brian Mark Bierig, an inmate appearing pro se, seeks a certificate of

appealability ("COA") to appeal the district court's denial of his writ of habeas

corpus, 28 U.S.C. §2254. In order to merit a COA, Mr. Bierig must make "a

substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2).

To make such a showing, Mr. Bierig must demonstrate that "jurists of reason

would find it debatable whether the petition states a valid claim of the denial of a

---

[*] After examining the briefs and the appellate record, this three-judge panel
has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. The cause is therefore ordered
submitted without oral argument.

constitutional right." Slack v. McDaniel, 529 U.S. 473, 484-484 (2000); see also Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Where the petition was denied on procedural grounds, he must additionally show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

Mr. Bierig was convicted after a jury trial in state district court of (1) manufacturing methamphetamine (Count I), (2) possession of marijuana (Count II), (3) unlawful possession of drug paraphernalia (Count III) and (4) possession of a firearm after conviction or during probation (Count IV). He was sentenced to forty years and a $50,000 fine on Count I, one year on Count II, one year and a $1,000 fine on Count III, and five years on Count IV. Counts II and III are concurrent with Count I, and Count IV is consecutive to Count I. The Oklahoma Court of Criminal Appeals (OCCA) affirmed the judgment and sentence on direct appeal. R. Doc. 12, Ex. 4. Mr. Bierig sought post-conviction relief which the state district court denied. R. Doc. 12, Exs. 6 & 8. The OCCA affirmed that denial.

In his federal habeas petition, Mr. Bierig raised four grounds for relief, that (1) trial counsel rendered ineffective assistance by failing to challenge the

sufficiency of the evidence related to manufacturing of methamphetamine,[2] (2) the sentence of possession of a firearm is unsupported by sufficient evidence, (3) an unlawful search and seizure violated his Fourth Amendment rights, and (4) his sentence is excessive and constitutes a miscarriage of justice because the gun did not belong to him. See R. Doc. 1 at 9.

The magistrate judge determined that the first ground (ineffective assistance of trial counsel) was procedurally barred by an independent and adequate state ground. The OCCA rejected this claim for not having been raised on direct appeal. That procedural bar was adequate because Mr. Bierig was represented by different counsel on direct appeal and the claim could have been resolved on the trial record. See English v. Cody, 146 F.3d 1257, 1263-64 (10th Cir. 1998); Brecheen v. Reynolds, 41 F.3d 1343, 1363-64 (10th Cir. 1994). The magistrate judge determined that the procedural bar could not be excused because Mr. Bierig had shown neither cause for the failure to raise the claim, nor a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). The second ground (sufficiency of the evidence on the possession of a firearm count), also raised in Mr. Bierig's direct appeal and rejected by the

_____

[2] It should be noted that the sufficiency of the evidence concerning the manufacture of methamphetamine was raised on direct appeal by appellate counsel and the OCCA rejected this claim on the merits. R. Doc. 12, Ex. 4 at 3. Notwithstanding, Mr. Bierig is complaining about trial counsel's performance with respect to this issue.

OCCA, was rejected on AEDPA deference grounds. 28 U.S.C. § 2254(d)(1) & (2). The third ground (unlawful search and seizure), not raised on direct appeal or in post-conviction proceedings, was unexhausted, but would be deemed procedurally barred; hence, the claim was procedurally defaulted, and Mr. Bierig had not shown cause and prejudice, or a fundamental miscarriage of justice. Additionally, this claim was based upon an alleged Fourth Amendment violation, and was not cognizable in habeas because nothing suggests that Mr. Bierig was denied an opportunity to litigate that claim in the state trial court. Stone v. Powell, 428 U.S. 465, 494 (1976). Finally, the magistrate judge rejected the fourth ground (an excessive sentence given the lack of evidence of gun possession), which Mr. Bierig raised as part of a broader excessive sentence claim on direct appeal, R. Doc. 12, Ex. 2 at 37, as an extension of the second claim, and possibly the third claim.

Mr. Bierig objected to the report and recommendation, and asserted ineffective assistance of appellate counsel as cause for the grounds that were procedurally defaulted and not raised on state direct appeal (grounds 1 and 3). The district court found this theory was waived for failing to have raised it earlier in the federal proceedings. Moreover, any claim of ineffective assistance of appellate counsel would be procedurally barred in its own right and could not constitute cause, absent a showing of cause and prejudice, or a fundamental

- 4 -

miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 453 (2000). The district court overruled Mr. Bierig's remaining objections and adopted the report and recommendation of the magistrate judge. Mr. Bierig's claims on appeal should be limited to those contained in his objection to the report and recommendation because he was informed of the time period for objecting and the consequences of failing to object, and no circumstances suggest that the interests-of-justice exception to our waiver rule should be invoked. See Wirsching v. Colorado, 360 F.3d 1191, 1197 (10th Cir. 2004).

Mr. Bierig seeks now a COA based on the grounds he raised below and several grounds not properly raised in his habeas petition (let alone raised in his objection to the magistrate judge's report and recommendation) including (1) prosecutorial misconduct, (2) an excessive sentence claim as presented on direct appeal rather than the narrower version contained in his habeas petition, (3) ineffective assistance of trial counsel based upon a failure to object to prosecutorial misconduct, (4) improper testimony by a law enforcement witness in violation of Brady, (5) insufficient evidence on the manufacture of methamphetamine count, and (6) delay in receiving trial transcripts. He also faults the state appellate court for not considering all of his grounds for post-conviction relief. Finally, he contends that the magistrate judge improperly relied upon cases decided after his conviction.

The district court's resolution of Mr. Bierig's claims that were presented in his habeas petition is not debatable. The magistrate judge fairly construed the habeas petition, and claims not fairly raised therein are deemed waived. See Jones v. Gibson, 206 F.3d 946, 958 (10th Cir. 2000); Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999). The magistrate judge's use of cases arising after Mr. Bierig's conviction does not create a debatable issue. The law that the magistrate judge relied on was well-settled at the time of Mr. Bierig's conviction.

Accordingly, we GRANT Mr. Bierig leave to proceed IFP, DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge