**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 5, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID LEE YOUNG,

        Petitioner-Appellant,

v.

MIKE ADDISON, Warden,

        Respondent-Appellee.

No. 07-6130

Western District of Oklahoma

(D.C. No. 07-CV-114-M)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

David Lee Young, a state prisoner proceeding *pro se*, seeks a certificate of appealability (COA) to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Young has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a COA, and dismiss the appeal.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

**Background**

On June 16, 2003, Mr. Young, then represented by retained counsel, pleaded guilty to three counts of kidnaping, two counts of robbery with firearms, and one count of larceny of an automobile. The conviction and sentence were entered by the District Court of Oklahoma County on August 1, 2003. On August 7, 2003, Mr. Young filed a Notice of Plea Withdrawal with the court. This notice was timely under Rule 4.2(A) of the Oklahoma Court of Criminal Appeals, which allows defendants to appeal from conviction on a guilty plea only if they have applied to withdraw their plea within ten days of the date of the pronouncement of the judgment and sentence. Okla. Ct. Crim. App. R. 4.2(A). The court dismissed Mr. Young's motion, and he did not timely appeal the dismissal. However, on June 7, 2004, with the assistance of counsel from the Oklahoma Indigent Defense System, Mr. Young was granted leave to file an appeal out-of-time to challenge the district court's denial of his motion to withdraw his plea. On February 11, 2005, the Oklahoma Court of Criminal Appeals considered the appeal and affirmed Mr. Young's sentence.

On January 29, 2007, Mr. Young filed a petition for habeas corpus under 28 U.S.C. § 2254 in the Western District of Oklahoma. He asserted that he had received ineffective assistance of counsel at the time of his plea and that the Oklahoma procedure for withdrawing a guilty plea interfered with his ability to discover and raise this claim. The petition was reviewed by a magistrate judge,

who found it time-barred and recommended dismissal. The district court agreed and dismissed the petition on May 15, 2005. Mr. Young now seeks a COA to appeal this dismissal.

**Discussion**

A final order denying relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court denies a habeas petition on procedural grounds,

> a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, we conclude that no reasonable jurist would find the correctness of the district court's procedural ruling debatable.

The district court held that Mr. Young's petition violated the one-year statute of limitations imposed on habeas petitions by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1). This limitations period runs "from the latest of" one of four possible start dates, *id.*, and is tolled while properly filed applications for state post-conviction relief or other collateral review are pending, *id.* § 2244(d)(2). Under subparagraph (A),

the limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Because Mr. Young did not petition the Supreme Court of the United States for certiorari after his loss before the Oklahoma Court of Criminal Appeals, his conviction became final for purposes of subparagraph (A) ninety days after that court's order affirming his conviction. *See Rhine v. Boone*, 182 F.3d 1153, 1155–56 (10th Cir. 1999). Thus Mr. Young's conviction became final on May 12, 2005, and he had until May 12, 2006, to file his petition for habeas corpus. Under subparagraph (A), then, his January 29, 2007 petition was untimely by at least 243 days.

Mr. Young argues, as he did below, that the timeliness of his petition should instead be governed by subparagraph (B) or (D), 28 U.S.C. § 2244(d)(1)(B) & (D). We disagree.

Under subparagraph (B), the one-year limitations period would begin to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." *Id.* § 2244(d)(1)(B). Mr. Young asserts that Oklahoma's procedures for withdrawing a plea of guilty "interfered with his ability to discover and raise his ineffective assistance of counsel claims." Petr.'s Br. 2. Specifically, he claims that "[u]nder Oklahoma law, trial counsel was required to prepare a motion raising ineffective

-4-

assistance of counsel claims against himself," which creates what he calls a conflict of interest. This argument is misdirected. Oklahoma's procedure for withdrawing a guilty plea in state court did not "prevent" Mr. Young from filing a federal habeas petition two years later. And even if Mr. Young's retained attorney during the plea stage could be said to have been unconstitutionally conflicted, this "impediment" had surely been removed by 2004, at which time Mr. Young was represented by new counsel from the Oklahoma Indigent Defense System. This alleged conflict, then, could not have interfered with Mr. Young's ability to meet a one-year deadline running from May 2005.

Alternatively, Mr. Young argues, under subparagraph (D) the limitations period should run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Mr. Young never suggests any specific date on which he could have discovered his claim for ineffective assistance of counsel, although we suppose he thinks it must have been at some time after January 10, 2006, which would make his petition timely. However, the record indicates that Mr. Young had knowledge of this claim shortly after his conviction. In his Notice of Plea Withdrawal, filed only days after his conviction, Mr. Young asserted that his attorney was "ineffective in his representation" and that the advice he had received on the plea agreement was "misleading." R. Doc. 1, Ex. 9, at 2. Further, he was represented by new counsel at that hearing and on appeal

-5-

before the Court of Criminal Appeals. Had Mr. Young exercised due diligence, as is required in order to qualify for a delayed trigger date under § 2244(d)(1)(D), he would have asserted his claim as soon as he discovered it. As the magistrate judge held, Mr. Young has "failed to articulate any reason for the lengthy delay in discovering the factual basis of his ineffective assistance of counsel claim." R. Doc. 18, at 6.

Finally, Mr. Young asserts that he qualifies for equitable tolling of the limitations period. However, equitable tolling only applies when it is shown that a prisoner "diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Mr. Young has not made any showing of "extraordinary circumstances" that prevented him from filing his petition.

For these reasons, we reject Mr. Young's reliance on 28 U.S.C. § 2244(d)(1)(B) or (D), and agree with the court below that his petition was untimely under subparagraph (A) of that section.

### Conclusion

Accordingly, we **DENY** Mr. Young's request for a COA and **DISMISS** this appeal. His motion to proceed *in forma pauperis* is also **DENIED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge

-6-