FILED
United States Court of Appeals
Tenth Circuit

December 9, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHARLES JEFFREY MCMILLIAN,

Petitioner-Appellant,

v.

TONY CAROCHI, Warden, and
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

Respondents-Appellees.

No. 08-1294

(D. Colorado)

(D.C. No. 1:05-CV-00985-WDM-MJW)

---

**ORDER**

---

Before **HENRY**, Chief Judge, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

Charles Jeffrey McMillian, a Colorado state prisoner appearing pro se, filed this application for a certificate of appealability (COA), *see* 28 U.S.C. § 2253(c)(1)(A), seeking to challenge the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. He also seeks leave to proceed in forma pauperis (ifp) on appeal. Because he is proceeding pro se, we review Mr. McMillian's pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

# I. BACKGROUND

Mr. McMillian pleaded guilty in Colorado state court to charges of conspiracy to commit first-degree murder, retaliation against a witness, second-degree murder, and aggravated motor vehicle theft. Prior to sentencing, he filed a motion under Rule 32(d) of the Colorado Rules of Criminal Procedure to withdraw his guilty plea. That motion was denied and he was sentenced to sixty-four years' imprisonment. The Colorado Court of Appeals affirmed, and on May 22, 1997, the Colorado Supreme Court denied certiorari review. The period of time before which a conviction becomes final continues "until after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999). Mr. McMillian's conviction thus became final on August 22, 1997.

Before his conviction became final, Mr. McMillian filed a motion for postconviction relief pursuant to Rule 35 of the Colorado Rules of Criminal Procedure on May 22, 1997. That motion was denied on February 18, 1998, and Mr. McMillian's appeal of that denial was dismissed by the Colorado Court of Appeals on April 15, 1999. The Colorado Supreme Court subsequently denied his petition for a writ of certiorari on September 27, 1999.

Mr. McMillian then filed a second Rule 35 motion for postconviction relief on April 17, 2000. It was denied and Mr. McMillian's appeal of that denial was dismissed by the Colorado Court of Appeals. The Colorado Supreme Court subsequently denied his petition for a writ of certiorari on April 25, 2005. Mr. McMillian filed a § 2254 habeas petition on May 31, 2005. The district court dismissed his petition as untimely, and we reversed and remanded, holding that the § 2254 habeas petition was timely filed. *See McMillian v. Carochi*, 198 F. App'x 766 (10th Cir. Oct. 12, 2006)

Upon the reinstatement of Mr. McMillian's § 2254 petition, the district court referred it to the magistrate judge for a report and recommendation. In his petition, Mr. McMillian contended that (1) his guilty plea was not a free and voluntary act, because he was under the influence of benzodiazepine (Halcion), which had been prescribed by the Arapahoe County Detention Facility Center for a closed head injury, in violation of his Sixth and Fourteenth Amendment rights; (2) he received ineffective assistance of counsel on five separate occasions from counsels' several failures to investigate the defense of involuntary intoxication (from Halcion) at the time of the crime, when he entered his plea, during sentencing and during the direct appeal; and (3) the accumulated errors in contentions (1) and (2) violated his right to equal protection.

## II. DISCUSSION

The magistrate judge, in a thorough recommendation, recommended that Mr. McMillian had not previously raised his third claim, which alleged that the accumulated errors violated his right to equal protection; thus the claim was unexhausted. Similarly, the magistrate judge found that Mr. McMillian did not exhaust four of the five ineffective assistance of counsel claims. The magistrate judge found no exception to the exhaustion rule applicable to Mr. McMillian's claims. See 28 U.S.C. § 2254(b), (c) (delineating exceptions); *Coleman v. Thompson*, 501 U.S. 722, 750 (outlining the "fundamental miscarriage of justice" exception to exhaustion).

The magistrate judge also recommended that the above claims were also defaulted in state court on an independent and adequate state procedural ground, citing Colo. R. Crim P. R. 35(c)(3)(VII). *See Turman v. Buckallew*, 784 P.2d 774, 780 (Colo. 1989) ("We have emphasized that where a post-conviction application is filed, it should contain all factual and legal contentions of which the applicant knew at the time of filing, and failure to do so will, unless special circumstances exist, ordinarily result in a second application containing such grounds being summarily denied.") (internal quotation marks omitted). Again, the magistrate judge determined that federal habeas review of these claims was barred. *See Coleman*, 501 U.S. at 750 ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state

procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.").

Finally, the magistrate judge concluded that Mr. McMillian had exhausted his remaining claims ((1) involuntary plea because he was under the influence of Halcion and (2) ineffective assistance of plea counsel for allowing him to enter a guilty plea while under the influence). The magistrate judge concluded, however, that these remaining claims were also procedurally defaulted in state court on an independent and adequate state ground (Mr. McMillian's failure to raise them in the state court proceedings in a timely manner), as determined by the Colorado Court of Appeals.

In rejecting these claims as successive, the Colorado Court of Appeals noted that Mr. McMillian

> raised no new bases for relief that differed from those raised in his Crim. P. 32(d) motion or his first Crim. P. 35(c) motions. In his previous two motions, defendant raised both ineffective assistance of plea counsel and his "impaired mental condition." The argument advanced here was available to defendant when he filed his Crim. P. 32(d) motion to withdraw his plea and his first Crim. P. 35(c) motion.

Rec. doc. 42, at 20 (Mag. Rep. & Rec., filed March 24, 2008) (quoting the Colorado Court of Appeals' holding). Again, applying *Coleman*'s rigorous

standards, the magistrate judge found no cause or prejudice, nor any fundamental miscarriage of justice resulting from this procedural default.  *See* 501 U.S. at 749.

The district court carefully reviewed Mr. McMillian's claims and his objections to the recommendation, and accepted each of the magistrate judge's recommendations.  In so doing, the district court judge similarly concluded that it was unable to find Mr. McMillian's third argument (equal protection violation) or four of the five subparts of the ineffective assistance of counsel claim anywhere "in the portions of the state record provided to me."  Rec. vol. II, doc. 10, at 6 (Dist. Ct. Order, filed July 24, 2008).

The district court also agreed that Mr. McMillian's remaining claims ((1) he was impaired and under the influence of Halcion at the time of his plea, and (2) counsel was ineffective for failing to raise this claim) were defaulted in state court on independent and adequate state grounds.  It rejected Mr. McMillian's arguments regarding cause and prejudice, concluding that he "has made no showing that the claim that he was on Halcion at the time of his guilty plea, or that his counsel failed to raise such claim, was not reasonably available to him upon diligent inquiry."  *Id.* at 9.

Finally, the district court determined that Mr. McMillian could not establish that a fundamental miscarriage of justice would result from the its failure to review the claim.  "To demonstrate a fundamental miscarriage of justice, [Mr. McMillian] must demonstrate that a constitutional error has probably resulted in

the conviction of one who is actually innocent." *Id.* at 9 (citing *Bousely v. United States*, 523 U.S. 614, 623 (1998)).

The district court also noted that the Colorado Court of Appeals succinctly summarized that there was substantial evidence of guilt against Mr. McMillian, which included his accomplice's implication of him as a full participant in the murder, corroborating witness testimony, rental car records, and Mr. McMillian's own statements to the police. The district court reviewed and rejected Mr. McMillian's objection to the Report and Recommendation on this point, noting that it found "no argument in the objection, or any reference to admissible evidence, indicating actual innocence." Rec. vol. II, doc. 10, at 10. The district court determined that Mr. McMillian failed to show that a denial of a review of his claims would result in a fundamental miscarriage of justice and dismissed Mr. McMillian's § 2254 petition with prejudice, dismissed Mr. McMillian's motion to proceed *ifp*, and denied Mr. McMillian's request for a COA.

Having reviewed the appellate record and Mr. McMillian's briefs, we hold, for substantially the same reasons as contained in the magistrate judge's recommendations and the district court's order, that no reasonable jurist could debate the correctness of the district court's rulings.

## III. CONCLUSION

Because jurists of reason would not find the district court's conclusions debatable, we DENY Mr. McMillian's request for a COA, DENY his request to proceed IFP, and DISMISS the matter.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk