**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 6, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES JOSEPH WYMER, JR.,

     Petitioner - Appellant,

v.

RANDALL G. WORKMAN, Warden,[*]

     Respondent - Appellee.

No. 08-6103
(D.C. No. CV-07-549-R)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[**]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

Petitioner-Appellant James Wymer, an Oklahoma state prisoner appearing pro se,[1]

seeks a certificate of appealability ("COA") in order to challenge the district court's

---

[*]     Pursuant to Fed. R. App. P. 43(c)(2), Randall G. Workman is substituted as Warden for Marty Sirmons.

[**]     This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R 34.1(G). The case is therefore ordered submitted without oral argument.

[1]     Because Mr. Wymer is proceeding pro se, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

denial of his petition for writ of habeas corpus. Mr. Wymer also seeks leave to proceed on appeal in forma pauperis. We conclude that Mr. Wymer has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, exercising jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), we **DENY** Mr. Wymer's application for a COA and **DISMISS** his appeal. We also **DENY** his motion to proceed in forma pauperis.

## I. BACKGROUND

Mr. Wymer was convicted by a jury of burglary in the first degree after having been previously convicted of two or more felonies. According to the testimony of the victim, two men drove up to her home in a green van. She saw the men approach her front porch. When they began to kick in her door, she hid in the bedroom with her children and called the police. She was unable to see exactly what happened after the men broke in, but she did see a man's arm grab her television. Shortly thereafter, the police stopped a van matching the victim's description. The victim identified Mr. Wymer, the driver of the van, as one of the two men she saw approaching her home. She also identified the other man, the van, and her television, which the police had recovered.

Mr. Wymer was sentenced to forty-five years' imprisonment. On direct appeal, the Oklahoma Court of Criminal Appeals ("OCCA") found that the trial court erred in failing to instruct the jury that, under Oklahoma law, Mr. Wymer would not be eligible for parole until he had served at least eighty-five percent of his sentence. The OCCA affirmed Mr. Wymer's conviction, but reduced his sentence to thirty-five years' imprisonment.

Mr. Wymer then filed a petition for writ of habeas corpus. A magistrate judge prepared a Report and Recommendation ("R&R") recommending that Mr. Wymer's petition be denied. The magistrate judge found that the decision of the OCCA, which addressed each of Mr. Wymer's claims, had not "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d)(1). After considering Mr. Wymer's objections to the R&R and reviewing the merits of his petition de novo, the district court adopted the R&R in its entirety and denied the petition. This appeal followed, in which Mr. Wymer has filed both an application for COA and a brief on the merits.

## II. DISCUSSION

A state prisoner may only appeal the denial of a petition for writ of habeas corpus after receiving a COA from either this Court or the district court. 28 U.S.C. § 2253(c)(1)(A); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (holding that a COA is a "jurisdictional prerequisite"). We can issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires that the prisoner demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). A petitioner is entitled to habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law,

-3-

as determined by the Supreme Court of the United States" or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Having reviewed the entire record, we find that no reasonable jurist could disagree with the district court's decision to deny Mr. Wymer's petition. We are satisfied that the magistrate judge's R&R, as adopted by the district court, carefully considered each of Mr. Wymer's claims and correctly concluded that none of his constitutional rights were violated.

First, Mr. Wymer claims that his due process rights were violated by the trial court's failure to instruct the jury on Oklahoma's "85% rule." But there is no constitutional right to a jury instruction regarding parole eligibility in a non-capital case. *Cf. Ramdass v. Angelone*, 530 U.S. 156, 166 (2000) ("The parole-ineligibility instruction is required only when [in a capital case], assuming the jury fixes the sentence at life, the defendant is ineligible for parole under state law."). Since this was not a capital case, he had no right, under federal law, to a jury instruction on parole eligibility.[2]

Second, Mr. Wymer claims that his sentence was so excessive as to constitute

---

[2]     Mr. Wymer also claims that the OCCA violated his equal protection rights when it modified his sentence after finding that the trial court's failure to instruct the jury on the 85% rule violated Oklahoma law. He cites several cases in which the OCCA remanded for resentencing after the trial court failed to provide the necessary instruction. He argues that he is entitled to similar treatment. However, Mr. Wymer did not raise this issue before the district court, and, in general, we will not consider issues that are raised for the first time on appeal. *Rhine v. Boone*, 182 F.3d 1153, 1154 (1999). Mr. Wymer has not suggested, nor can we identify, any reason to depart from our normal practice. Therefore, we decline to address the merits of this claim.

cruel and unusual punishment.[3] A sentence violates the Eighth Amendment only if it is "grossly disproportionate to the severity of the crime." *Ewing v. California*, 538 U.S. 11, 21 (2003) (quoting *Rummel v. Estelle*, 445 U.S. 263, 271 (1980)). But "[t]he gross disproportionality principle reserves a constitutional violation for only the extraordinary case." *Lockyer v. Andrade*, 538 U.S. 63, 77 (2003). This is not that case. Mr. Wymer's sentence clearly did not exceed the statutory maximum punishment, which was life imprisonment. *See* Okla. Stat. tit. 21, § 51.1(B). The length of Mr. Wymer's sentence was due, in large part, to the fact that he had previously been convicted of multiple violent felonies. The OCCA's decision was not an unreasonable application of the gross disproportionality test.

Finally, Mr. Wymer claims that there was insufficient evidence to prove that he participated in the burglary. He claims that he was an innocent bystander, who just happened to be there when someone else broke down the door and stole the television. "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Having reviewed the evidence, we agree with the district court that the evidence was

---

[3] Mr. Wymer also claims that the length of his sentence denied him due process of law. But "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing [the] claim[]." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (internal quotation marks omitted). Claims of excessive criminal sentences are governed by the Eighth Amendment's prohibition on cruel and unusual punishment. Therefore, the district court was correct to reject Mr. Wymer's due process argument.

more than sufficient for a reasonable jury to have found Mr. Wymer guilty of burglary. Noting that the OCCA applied the standard of *Jackson*, we conclude that its rejection of Mr. Wymer's sufficiency of the evidence challenge did not involve an unreasonable application of federal law.

### III.  CONCLUSION

For substantially the same reasons as the district court, we **DENY** Mr. Wymer's request for a COA and **DISMISS** his appeal.  We also **DENY** his motion to proceed in forma pauperis.

Entered for the Court

Jerome A. Holmes
Circuit Judge