**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 7 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TERRY LYNN RHINE,

      Petitioner-Appellant,

v.

BOBBY BOONE,

      Respondent-Appellee.

No. 98-6353

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 98-CV-262)**

---

Submitted on appellant's brief:    *

Terry Lynn Rhine, pro se.

---

Before **PORFILIO**, **McKAY**, and **LUCERO**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

     *     The Oklahoma Attorney General did not file a brief in this case, despite the district court's grant of a certificate of appealability.

This appeal arises from the district court's dismissal of petitioner's habeas corpus petition as time-barred. [1] Petitioner was convicted of second degree murder in state court after his plea of *nolo contendre*. He moved to withdraw his plea, and the trial court denied the motion. Because we do not have the state court record before us, it is difficult to ascertain the exact series of events that followed. We have, however, pieced the following event time-line from the briefs and the few state court documents that are in the record.

Petitioner's brief in support of his habeas petition states that he filed a pro se state court application for post-conviction relief on March 2, 1994. R. Vol. I, tab 2 at 2. The post-conviction application was denied on April 21, 1994, and he appealed the denial to the Oklahoma Court of Criminal Appeals on June 6, 1994. *See id.* On appeal, the Oklahoma Court of Criminal Appeals ordered the trial court to hold a new hearing on petitioner's motion to withdraw his plea. After a new hearing, the state court again denied the motion to withdraw the plea, and petitioner filed a second application for state post-conviction relief "[i]n June 1996." [2] *Id.* at 3. The state district court denied the second application, and the

_____

[1] After examining the appellant's pro se brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[2] The application is not in the record, but the district court considered that the application was filed on June 1, 1996. *See* R. Vol. I, tab 17 at 2. The

(continued...)

Oklahoma Court of Criminal Appeals affirmed the trial court's denial of post-conviction relief on February 24, 1997. Petitioner filed a petition for writ of certiorari with the United States Supreme Court on April 11, 1997, and the petition was denied on June 16, 1997. Petitioner filed his petition for writ of habeas corpus relief pursuant to 28 U.S.C. § 2254 with the federal district court on February 23, 1998. The district court dismissed the petition as untimely and granted a certificate of appealability on the tolling issue.

According to 28 U.S.C. § 2244(d)(1)(A), a person in custody pursuant to the judgment of a state court has one year from the date the judgment became final to file an application for writ of habeas corpus pursuant to § 2254. This one-year limitation period was added to the statute by the Antiterrorism and Effective Death Penalty Act (AEDPA), which took effect on April 24, 1996. Petitioners whose convictions became final before the effective date of the AEDPA were given a grace period to file their federal habeas petitions by April 23, 1997. *See United States v. Simmonds*, 111 F.3d 737, 746 (10th Cir. 1997).

---

[2](...continued)
State, in its brief in support of its motion to dismiss for lack of jurisdiction, sets the exact filing date at June 17, 1996. *See id.*, tab 11 at 2. We will adhere to the district court's assumption of June 1, 1996, as the filing date of the second post-conviction application, but we note that the result of this appeal would be the same using either date. In addition, we recognize that the State identifies this as petitioner's third habeas petition, but petitioner maintains it was his second application. This point is also not relevant to our decision.

Pursuant to 28 U.S.C. § 2244(d)(2), the time during which a petitioner has a properly filed application for state post-conviction review pending is not counted toward the limitation period. *See Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998).

The majority of petitioner's pro se brief on appeal centers around his contention that the State denied him access to legal materials, creating an impediment to timely filing his habeas petition. He argues that because of the State-created impediment, his limitation period should begin to run from the time the impediment was removed. *See* 28 U.S.C. § 2244(d)(1)(B). Petitioner did not make this argument to the district court. He filed an objection to the State's motion to dismiss the habeas petition as untimely, but he did not argue that the State had created an impediment to his filing in violation of the Constitution. Because we will generally not consider issues raised on appeal that were not first presented to the district court, *see Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992), we do not address this issue.

Conversely, petitioner argued to the district court that the limitation period should be equitably tolled, but he has waived that issue by not raising it before this court. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994). We note, however, that the district court found that the circumstances

of this case do not warrant equitable tolling, and, were we to decide this issue, we would agree.

The issue that we address on appeal is how much time of the one-year limitation period was tolled under § 2244(d)(2). It is undisputed that the time during which petitioner's second state application for post-conviction relief was pending should not be counted toward the limitation period. It is also undisputed that this includes the 269 days between June 1, 1996 (the date the district court assumed the petition was filed) and February 24, 1997 (the date on which the Oklahoma Court of Criminal Appeals affirmed the denial of post-conviction relief). Adding those 269 days onto the end of the grace period would result in a filing deadline of January 20, 1998. [3] Under this calculation, the habeas petition before this court, which was filed on February 23, 1998, was untimely. The point that is disputed is whether the 112 days from the final state court action on the state post-conviction application (February 24, 1997) until the petition for certiorari was denied by the United States Supreme Court (June 16, 1997) should be counted toward the limitation period, or whether that time also tolled the limitation period under § 2244(d)(2). If that time tolled the limitation period, just as the 269 days the post-conviction petition was pending in state court did, the

---

[3]    The filing deadline was January 17, 1998, which was a Saturday. The following Monday was a legal holiday, so the petition should have been filed by Tuesday January 20, 1998.    *See* Fed. R. Civ. P. 6(a).

filing deadline would have been May 11, 1998, [4] and the habeas petition would have been timely.

We hold that the limitation period was tolled only while petitioner was seeking state court review of his post-conviction application. *See Barnett v. Lemaster* , 167 F.3d 1321, 1323 (10th Cir. 1999) (holding that the term "pending" in § 2244(d)(2) must be construed "to encompass all of the time during which a state prisoner is attempting, through proper use of state court procedures , to exhaust state court remedies with regard to a particular post-conviction application." (emphasis added)). The time after the Oklahoma Court of Criminal Appeals finally denied his post-conviction application until the United States Supreme Court denied his petition for certiorari was not "time during which a properly filed application for State post-conviction . . . review . . . [was] pending," and, therefore, it should be counted toward the one-year limitation period. 28 U.S.C. § 2244(d)(2). We have previously so held in an unpublished order and judgment. *See Maloney v. Poppel* , No. 98-6402, 1999 WL 157428, at *1 (10th Cir. Mar. 23, 1999) (unpublished) (citing *Barnett* in holding that tolling did not continue to include time during which the petitioner could have petitioned the United States Supreme Court for certiorari).

---

[4] The filing deadline would have fallen on Saturday May 9, 1998, so petitioner would have had until Monday May 11, 1998 to file his petition. *See* Fed. R. Civ. P. 6(a).

The tolling provision in § 2244(d)(2) is distinguishable from § 2244(d)(1)(A), which does take into account the time during which a petition for certiorari to the United States Supreme Court can be filed. Section 2244(d)(1) provides alternative dates from which the one-year limitation period begins to run. Subsection (A) provides that the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Courts have held that, for purposes of this subsection and a similar section in § 2255, the judgment is not final and the one-year limitation period for filing for federal post-conviction relief does not begin to run until after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed. *See, e.g., James v. Scott*, No. 99-7005, slip op. at 2 (10th Cir. May 20, 1999) (unpublished) (§ 2254, citing *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)); *Harris v. Champion*, No. 98-6318, 1999 WL 84476, at **1 (10th Cir. Feb. 22, 1999) (unpublished) (same); *United States v. Lacey*, No. 98-3030, 1998 WL 777067, at **1 (10th Cir. Oct. 27, 1998) (unpublished) (§ 2255); *Nichols v. Bowersox*, 172 F.3d 1068, 1072 (8th Cir. 1999) (§ 2254); *Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999) (§ 2255). It would not be in the interest of judicial efficiency to require a prisoner to begin post-conviction proceedings before his judgment of conviction was final,

and that is why the relevant statutes hinge the running of the limitation period on the finality of the judgment of conviction, *see* 28 U.S.C. §§ 2244(d)(1)(A), 2255(1).

The same rationale does not extend, however, to the tolling provision of § 2244(d)(2). The state post-conviction proceeding is final after the state's highest court has addressed the application. Exhaustion of state remedies, which is a pre-condition to the ability to petition for a writ of habeas corpus, does not include a direct appeal to the United States Supreme Court from the state's denial of post-conviction relief, and neither is a federal court's jurisdiction to entertain a habeas petition affected by whether or not review of the state's denial of post-conviction relief is sought in the Supreme Court. *See Fay v. Noia*, 372 U.S. 391, 435-38 (1963), *overruled in part on other grounds by Coleman v. Thompson*, 501 U.S. 722, 744-51 (1991); *County Court of Ulster County, N.Y. v. Allen*, 442 U.S. 140, 149 n.7 (1979). The tolling provision specifically refers to a properly filed application for "State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). We are satisfied that, in the wording of § 2244(d)(2), "State" modifies the phrase "post-conviction review" and the phrase "other collateral review." A petition for writ of certiorari to the United States Supreme Court is simply not an application for state review of any kind; it is neither an application

for state post-conviction review nor an application for other state collateral review.

Because we hold that § 2244(d)(2) does not direct that the statute of limitations was tolled during the time the petition for writ of certiorari was before the United States Supreme Court, the petition for writ of habeas corpus in this case was time-barred. The district court was correct in dismissing the habeas petition as untimely, and we DISMISS the appeal.