F I L E D
United States Court of Appeals
Tenth Circuit

MAR 23 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

GREGORY LESLIE GIBSON,

      Petitioner-Appellant,

v.

TWYLA SNYDER,

      Respondent-Appellee.

No. 99-6304
(W.D. Okla.)
(D.Ct. No. 97-CV-1343)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Gregory Leslie Gibson, a state inmate appearing *pro se*, appeals

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the district court's decision dismissing his habeas corpus petition filed pursuant to 28 U.S.C. §2254 and denying his request for a certificate of appealability.[1] We grant Mr. Gibson's request for a certificate of appealability and his motion to proceed *in forma pauperis*, affirm the district court's decision in part, and reverse and remand the district court's decision in part for reconsideration.[2]

Mr. Gibson pled *nolo contendere* to a charge of trafficking in illegal narcotics after former conviction of two or more prior felonies, and received a sentence of fifty years. Mr. Gibson entered his *nolo contendere* plea as part of a plea agreement in order to avoid a mandatory sentence of life without parole. Mr. Gibson later moved to withdraw his plea, claiming he entered it involuntarily due to ineffective assistance of his counsel based on his counsel's failure to raise vital challenges to the plea. He also summarily alleged other acts of deficient counsel

---

[1] Initially, we found Mr. Gibson's notice of appeal untimely filed. However, in his Petition to reopen his case, filed with the district court, Mr. Gibson provided a copy of an outgoing prison mail log showing a timely mailing to the clerk of court under the prisoner "mailbox" rule. Giving Mr. Gibson the benefit of the doubt, and finding his follow-up mailings created an inference he filed a timely notice of appeal, the district court vacated and re-entered its January 28, 1998 order as of July 27, 1999. Thereafter, Mr. Gibson filed a timely notice of appeal.

[2] In light of our decision to remand the district court's decision in part for reconsideration, we grant Mr. Gibson's motion to amend his application for a certificate of appealability and supporting brief.

performance including failure to: (1) seek extraordinary relief by not requesting an evidentiary hearing; (2) call witnesses; (3) return his calls and correspondence; (4) prosecute his defense; (5) withdraw as counsel; (6) challenge his prior convictions; and (7) properly advise him in this and another case. Following a hearing on the matter, the state court denied his motion to withdraw his plea and the Oklahoma Court of Criminal Appeals affirmed the state court's decision.

Mr. Gibson then filed his federal habeas petition raising an involuntary plea claim. Specifically, he claimed the trial court did not: (1) advise him of the presumption of innocence, his constitutional right against self-incrimination or the state's burden to prove his guilt beyond a reasonable doubt; or (2) inquire as to whether his plea was coerced. He also claimed neither counsel nor the trial court advised him of the nature or elements of the charges against him including the state's burden of proving he "knowingly" possessed the cocaine in his pocket. He also asserted his attorney provided ineffective assistance of counsel by coercing him to plead *nolo contendere* and by failing to: (1) investigate the fact the indictment did not state "knowingly" as an element of the crime; (2) file a motion to suppress; (3) file a timely appeal; (4) allow the court to accept his plea knowing he was not advised of all his rights; (5) seek extraordinary relief; (6) withdraw as counsel; and (7) investigate the circumstances of his arrest.

The magistrate judge issued a Report and Recommendation, recommending dismissal of the petition on the issue of the voluntariness of his plea.[3] The magistrate judge determined Mr. Gibson "was fully informed of the charge against him, his rights with respect to that charge, and the consequences of entering a plea," and that he consciously chose to enter his plea. The magistrate judge addressed many of the issues concerning the voluntariness of Mr. Gibson's plea (*id.* at 7-11) and acknowledged he raised an issue on the element of "knowing" possession. However, the magistrate judge did not specifically address the "knowing" possession issue or determine whether Mr. Gibson exhausted his state habeas remedies on that or the other issues of ineffective assistance of counsel prior to seeking federal relief. The district court nevertheless adopted the magistrate judge's Report and Recommendation and denied Mr. Gibson's petition.

On appeal, Mr. Gibson again claims his plea was involuntary, unknowing,

---

[3] In the recommendation, the magistrate judge found Mr. Gibson's habeas petition timely filed under either the one-year limitation period or under the tolling period of the one-year limitation period as extended by the ninety-day period for filing petitions for certiorari with the United States Supreme Court. While we agree Mr. Gibson's petition was timely filed under the one-year limitation period, we have determined the ninety-day filing time does not extend to petitions filed under 28 U.S.C. § 2254. *See Rhine v. Boone*, 182 F.3d 1153, 1155-56 (10th Cir. 1999), *cert. denied* 120 S. Ct. 808 (2000).

and unintelligent based on his counsel's failure to explain the elements or nature of the drug charge. In support, he suggests his plea was not knowing and intelligent because he was not advised the state had to prove he "knowingly" and "intentionally" possessed the drugs. He also raises numerous other issues--some for the first time on appeal and others which he may have raised either before the state courts or the federal district court.

In reviewing the district court's denial of Mr. Gibson's § 2254 petition, we review the court's factual findings under a clearly erroneous standard and its legal conclusions *de novo*. *Rogers v. Gibson*, 173 F.3d 1278, 1282 (10th Cir. 1999), *cert. denied*, 120 S. Ct. 244 (2000). Keeping this standard in mind, we have reviewed the entire record and generally agree with the magistrate judge's analysis of the issues addressed concerning the voluntariness of Mr. Gibson's plea. The plea hearing and plea documents show Mr. Gibson was informed of, and clearly understood, he was charged with the crime of trafficking in illegal narcotics after former conviction of two or more prior felonies, the sentence he faced, and many of his other requisite rights prior to pleading *nolo contendere*. We also hold it is clear no one coerced Mr. Gibson into his plea.

However, in light of the magistrate judge's and district court's failure to

address the specific issue raised by Mr. Gibson concerning the element of "knowing" possession or to ascertain whether he properly exhausted that or the other remaining unaddressed ineffective assistance of counsel issues, we feel compelled to remand for a determination on those issues.

For these reasons, we grant Mr. Gibson's request for a certificate of appealability and his motion to proceed *in forma paurperis*, **AFFIRM** the district court's decision in part, and **VACATE** the district court's decision and **REMAND** in part for reconsideration consistent with this Order and Judgment.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge