**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 26 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTONIO MUELA SOLIS,

      Petitioner - Appellant,

v.

VANCE EVERETT, Warden,
Wyoming State Penitentiary; HOKE
MACMILLAN, Wyoming State
Attorney General,

      Respondents - Appellees.

No. 01-8061
(No. 00-CV-193-B)
(D. Wyoming)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.

      Petitioner Antonio Muela Solis, a Wyoming state prisoner, seeks a

certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c) to challenge

the district court's dismissal of his petition for a writ of habeas corpus as time-

barred under 28 U.S.C. § 2244. We deny a COA and dismiss.

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The Court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), prisoners generally have one year from the date on which their convictions become final to petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1). A conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Alternatively, the AEDPA limitation period may run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(D). AEDPA also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2).

We agree with Solis that the "timeliness of [his] petition for writ of habeas corpus depends on whether the limitations period was tolled . . . while he sought certiorari in the United States Supreme Court from the Wyoming [state] court's judgment on his application for state post-conviction relief." (Appellant's Br. at 11.) In Rhine v. Boone, 182 F.3d 1153 (10th Cir. 1999), we held that the AEDPA limitation period is "tolled only while petitioner was seeking state court review of his post-conviction application." Id. at 1155 (emphasis added). "State court review" does not include a petition for a writ of certiorari to the United States

Supreme Court. Id. at 1156. As a result, Solis's claim that the district court "erred when it concluded that the statute of limitations was not tolled during the time that [he] sought certiorari review from the United States Supreme Court from the state court decision on his post-conviction petition" fails. (Appellant's Br. at 12.)

Solis himself acknowledges the applicability of Rhine's holding to his case, but argues that Rhine was incorrectly decided. That argument presents but a faint hope; we are bound by this Circuit's prior holding in Rhine absent en banc reconsideration by this Court or a superceding decision by the Supreme Court, neither of which has occurred.

Solis's application for a COA is **DENIED**, and the matter is **DISMISSED**. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge