**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 21, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARSHALL A. TILLMAN,

      Petitioner-Appellant,

v.

STATE OF KANSAS; PHILL KLINE,
Kansas Attorney General,

      Respondents-Appellees.

No. 07-3300
(D.C. No. 07-CV-3098-SAC)
(D. Kan.)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Marshall A. Tillman, a Kansas state prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. Tillman seeks a COA on the issue of whether the nine-year delay between the initial charges and Tillman's jury trial violated his Sixth Amendment right to a speedy trial. We deny a COA and dismiss the appeal.

In 1995, Tillman was indicted for capital murder and rape. Progress toward trial was slow. The state Capital Defense Coordinator filed several motions, and the trial court repeatedly ordered evaluations of Tillman's mental competency to stand trial. Although Tillman was initially found competent, in 1997 the court

concluded that he was no longer competent to stand trial and sent him to a state hospital for treatment. In September 1999, Kansas dismissed his case without prejudice and filed a new complaint charging Tillman with felony murder and rape.

Tillman's jury trial began on February 23, 2004. The jury convicted him of rape but acquitted him of murder. Tillman was sentenced to 125 months' imprisonment, and he received time-served credit for 2,712 days. The Kansas Court of Appeals affirmed his conviction, concluding, among other things, that his right to a speedy trial was not violated. The Kansas Supreme Court denied review.

On April 11, 2007, Tillman filed a § 2254 habeas petition challenging his conviction. He raised four grounds for relief: (1) ineffective assistance of trial counsel, (2) conflict with his attorney over continuances, (3) denial of a speedy trial, and (4) violation of the statutory limitations period. The district court rejected his speedy trial argument on the merits. As to his remaining three claims, the court concluded that they were procedurally defaulted and that no circumstances existed sufficient to excuse that default. The court also denied his subsequent application for a COA, and Tillman now seeks a COA from this court.[1] Even construing his application liberally, see Hall v. Bellmon, 935 F.2d

---

[1] Because the district court denied Tillman a COA, he may not appeal the district court's decision absent a grant of a COA by this court. § 2253(c)(1)(A).

(continued...)

- 2 -

1106, 1110 (10th Cir. 1991), Tillman only seeks a COA with regard to the denial of his right to a speedy trial.[2]

Tillman was entitled to habeas relief in the district court only if the state court decision he challenges was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "based on an unreasonable determination of the facts in light of the evidence presented." § 2254(d)(1)-(2). A federal court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 411 (2000).

The district court properly analyzed Tillman's petition under Barker v. Wingo, 407 U.S. 514 (1972), which sets forth four factors that inform whether pretrial delays violate a defendant's right to a speedy trial: (1) the length of the

---

[1](...continued)
A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Tillman to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

[2] Tillman's COA application also asserts that a Kansas prison facility "refused to give [him] any jail credits" and that a state hospital filed a forensic report that falsely attributed an alias to him. These claims were not raised to the district court in his habeas petition and are therefore waived. See Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999).

delay, (2) the reason for the delay, (3) whether the defendant asserted his right, and (4) any prejudice to the defendant. Id. at 530. Applying Barker to Tillman's case, the Kansas Court of Appeals made a number of relevant findings. It first assumed that the nine-year delay was presumptively prejudicial. Addressing the reason for the delay, however, it concluded that Tillman consented to his counsel's numerous requests for continuances, and noted that Kansas law mandated an extensive preparation period for capital cases. In addition, the court recognized that several mental health referrals, made at defense counsel's request, further delayed the proceedings, and found that those delays were compounded by Tillman's own refusals to eat and take psychiatric medication. It thus concluded that, on balance, the second factor weighed against Tillman.

Turning to the remaining two factors, the court determined that although Tillman wrote the trial judge in 2000 and invoked his right to a speedy trial, he soon acquiesced to further continuances by counsel. Finally, the only prejudice Tillman cited was the fact that he spent nine years in prison awaiting trial, but this prejudice was offset by the time-served credit Tillman later received and the fact that, for part of the period, he was simultaneously being held on an unrelated rape charge.

The district court concluded that the state court's analysis was not an unreasonable determination of the facts or an unreasonable application of Barker. We recognize that the record does not explain with precision the exact reasons for

each individual delay that compounded to create a nine-year period between the initial charges and Tillman's eventual jury trial. We do not believe, however, that reasonable jurists could debate the district court's resolution of the matter under the highly deferential standard of § 2254(d).

Tillman's request for a COA is therefore **DENIED** and his appeal is **DISMISSED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge