FILED
United States Court of Appeals
Tenth Circuit

August 7, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

RONALD LEE KING,

      Petitioner - Appellant,

    v.

GREG PROVINCE, Warden,

      Respondent - Appellee.

No. 09-5059
(N.D. Oklahoma)
(D.C. No. 4:06-CV-00152-CVE-TLW)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **LUCERO**, **MURPHY,** and **McCONNELL**, Circuit Judges.

---

Appellant, Ronald Lee King, seeks a certificate of appealability ("COA") from this court so he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). Because King has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. *Id*. § 2253(c)(2).

After an Oklahoma jury trial, King was convicted of unlawful distribution of a controlled drug after former conviction of two or more felonies, in violation of Okla. Stat. tit. 63, § 2-401. He was sentenced to twenty-five years'

imprisonment and fined $30,000. King filed a direct appeal with the Oklahoma Court of Criminal Appeals ("OCCA"), challenging: (1) an evidentiary ruling permitting the admission of the crack cocaine he sold to the undercover officer, (2) the denial of his discovery request for the undercover officer's notes, (3) the length of his sentence, (4) statements made by the prosecutor during closing argument, and (5) the imposition of the fine. The OCCA affirmed King's conviction but reduced the fine to $10,000. King then raised eleven grounds of error in a post-conviction application he filed in Oklahoma state court. His post-conviction claims included (1) allegations of ineffective assistance of appellate and trial counsel, (2) a challenge to the jury instructions (3) an allegation the process used to choose the jury violated his right to due process and equal protection, (4) a Confrontation Clause claim, (5) an assertion the state presented insufficient evidence to convict him, and (6) several state law claims. The Oklahoma trial court denied the post-conviction application and that ruling was affirmed by the OCCA.

King filed the instant § 2254 habeas petition on March 13, 2006. In his petition, King reasserted two of the issues he previously raised on direct appeal: the challenges to the evidentiary rulings and the allegation of prosecutorial misconduct. He also reasserted issues raised in his state post-conviction application: the allegations of ineffective assistance of trial and appellate counsel, the claim his sentence violates Oklahoma state law, and the Confrontation Clause

-2-

issue. The district court denied habeas relief on King's challenge to the trial court's evidentiary rulings and his prosecutorial misconduct claim, concluding he failed to demonstrate that his trial was rendered fundamentally unfair. *See Duckett v. Mullin,* 306 F.3d 982, 999 (10th Cir. 2002)*; Cummings v. Evans*, 161 F.3d 610, 618 (10th Cir. 1998). Applying the standard set forth in the Antiterrorism and Effective Death Penalty Act, the district court concluded the OCCA's adjudication of King's ineffective assistance of appellate counsel claim was not contrary to, nor an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d). Finally, the district court analyzed King's remaining claims, all of which were procedurally defaulted in Oklahoma state court because he failed to raise them on direct appeal, and determined the state procedural bar was independent and adequate. The court then concluded it was procedurally barred from considering the claims because King failed to show cause for the default and actual prejudice or that the failure to review his claims would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To be entitled to a COA, King must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to

proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted); *see also Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). In evaluating whether King has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El* at 338. Although King need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

In his appellate brief, King presents fifteen grounds for relief, many of which were not included in his § 2254 application. This court does not consider issues raised for the first time on appeal. *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999). As to the remaining claims which were presented to the district court, this court has reviewed King's application for a COA and appellate brief, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes King is not entitled to a COA. The district court's resolution of King's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings. Accordingly, King has not "made a substantial showing of the

-4-

denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** King's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge