**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 13, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RODNEY HUNTER,

   Petitioner - Appellant,

  v.

JUSTIN JONES, Director,

   Respondent - Appellee.

No. 10-6046

(W.D. Oklahoma)

(D.C. No. 5:09-CV-00567-F)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

   Rodney Renee Hunter, an Oklahoma state prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the denial of his application under 28 U.S.C. § 2254 for habeas relief. *See* 28 U.S.C. § 2253(c) (requiring COA to appeal denial of application). Because no reasonable jurist could debate whether Mr. Hunter's application ought to have been granted, we deny his request for a COA.

**I. BACKGROUND**

   Mr. Hunter was convicted by a jury in Oklahoma state court of distribution of a controlled substance (Xanax) after two or more prior felony convictions. He was sentenced to 20 years' imprisonment.

Christopher Rush, a convenience-store employee, was the principal witness at Mr. Hunter's trial. He testified that when Mr. Hunter was in the store, he asked Mr. Hunter for some Xanax. Mr. Hunter left to obtain the drug, but when a police officer entered the store, Rush called Mr. Hunter to tell him not to return until the officer left. About 30 minutes after his first conversation with Mr. Hunter, Rush went out to the store parking lot to meet him at Mr. Hunter's vehicle. Mr. Hunter gave Rush a package with four Xanax pills. Rush later pleaded guilty to possession of a controlled substance.

The officer corroborated much of Rush's account. He testified that he had just left the convenience store after buying a snack when a police-department dispatcher who happened to be in the store approached him at his car. She told him that she had overheard Rush say to someone on the phone, "[H]e's about to leave, when he leaves you can come up here." Br. of Aplee. at 2, *Hunter v. State*, No. F-2008-700 (Okla. Crim. App. Dec. 19, 2008). Deciding to investigate, the officer pulled into an alley from which he could observe the store through binoculars. He saw Mr. Hunter arrive in his vehicle, Rush approach the vehicle, and Mr. Hunter apparently hand something to Rush. After the transaction, the officer questioned Rush about what Mr. Hunter had handed him. Rush gave the officer a cigarette pack containing Xanax pills.

Michael Lynn Williams also testified for the state. He said that in an unrelated transaction Mr. Hunter had sold him methamphetamine. The

methamphetamine sale took place after Mr. Hunter gave Xanax to Rush, but Mr. Hunter was convicted and sentenced for distribution of methamphetamine before he was tried on the Xanax transaction.

Mr. Hunter appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA), arguing four main claims: (1) that he was denied his right to a fair trial by the introduction of evidence of his methamphetamine crime; (2) that there were various prejudicial errors in the sentencing phase of his trial; (3) that his trial counsel's failure to object to these sentencing-phase errors constituted ineffective assistance of counsel; and (4) that he received an excessive sentence. The OCCA held that William's testimony about the methamphetamine sale was inadmissible. Because of this error and various errors in the sentencing phase, the OCCA reduced Mr. Hunter's sentence from 20 years' imprisonment to six years' imprisonment, the minimum possible sentence for distribution of a controlled substance after two or more prior felony convictions.

On May 29, 2009, Mr. Hunter filed his § 2254 application in the United States District Court for the Western District of Oklahoma. It asserted a single ground for relief: that the state's introduction of evidence of his prior crime violated his constitutional right to a fair trial. He claimed that he was entitled to habeas relief because the OCCA failed to reverse his conviction. In response, the magistrate judge's report and recommendation stated:

> The OCCA's implicit finding that the evidence was sufficient to support [Mr. Hunter's] conviction is neither contrary to, nor an unreasonable application of Supreme Court law. The introduction of the other crimes evidence did not determine the outcome of the jury's finding of guilt in light of the strength of the other evidence, and the OCCA modified [Mr. Hunter's] sentence to the minimum sentence. [Mr. Hunter] was not, therefore, denied the fundamental fairness that is the essence of due process.

R., Vol. 1 at 9 (footnote omitted). The district court adopted the magistrate judge's recommendation and denied relief.

Mr. Hunter now seeks a COA from this court. He asserts four challenges: (1) that he was denied a fair trial by the introduction of evidence of a past crime; (2) that numerous sentencing-stage errors deprived him of a fair sentencing determination; (3) that his counsel's failure to object to misconduct at the sentencing stage constituted ineffective assistance; and (4) that he received an excessive sentence.

## II.    DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must

show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

We summarily dispose of three of Mr. Hunter's claims: (1) that sentencing-stage errors deprived him of a fair sentencing determination, (2) that his counsel provided ineffective assistance during the sentencing stage, and (3) that his sentence was excessive. Because he failed to raise these issues in his § 2254 application to the district court, we decline to address them. *See Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999) ("[W]e will generally not consider issues raised on appeal that were not first presented to the district court."). In any event, the OCCA resentenced Mr. Hunter to the minimum permissible term for his offense, so ultimately no errors at sentencing could have prejudiced him.

Mr. Hunter's remaining claim is that the admission of evidence of his methamphetamine offense rendered his trial unfair. The OCCA did not express a view on whether the error denied Mr. Hunter a fair trial; once it found error, all it did was reduce the sentence. We therefore have no state-court decision to defer to under 28 U.S.C. § 2254(d).

Even on de novo review, however, the issue is not difficult. The improper admission of evidence does not render a trial fundamentally unfair if there is otherwise overwhelming evidence of guilt. *See Bland v. Sirmons*, 459 F.3d 999, 1025 (10th Cir. 2006) (improper closing argument did not deny defendant a fair trial in light of overwhelming evidence of guilt); *United States v. Caballero*, 277

F.3d 1235, 1244–45 (10th Cir. 2002) (improper reference to defendant's prior conviction not ground for mistrial when there was other overwhelming evidence of guilt). In light of the other overwhelming evidence of Mr. Hunter's guilt presented at his trial, no reasonable jurist could say that he was denied a fair trial. Moreover, Mr. Hunter has presented no authority that the introduction of the methamphetamine evidence was improper under the federal constitution, even if it violated a state rule of evidence.

## III.   CONCLUSION

We DENY a COA and DISMISS the appeal. We GRANT Mr. Hunter's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge