FILED
United States Court of Appeals
Tenth Circuit

August 4, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DONNOTT DOLRAMAN MURRAY,

Petitioner - Appellant,

v.

JAMES RUDEK, Warden,

Respondent - Appellee.

No. 11-6125
(W.D. Okla.)
(D.C. No. 5:10-CV-01155-C)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **BRISCOE,** Chief Judge, **MURPHY,** and **MATHESON**, Circuit Judges.

---

Petitioner, Donnott Dolraman Murray, an Oklahoma state prisoner proceeding *pro se*, seeks a certificate of appealability ("COA") so he can appeal the district court's denial of the habeas corpus petition he filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). Murray's request to proceed *in forma pauperis* is **granted**.

After an Oklahoma state jury trial, Murray was convicted of trafficking illegal drugs and sentenced to twenty-five years' imprisonment and an $80,000 fine. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed the judgment and sentence. Murray filed the instant § 2254 habeas petition on October 25,

2010.  In the petition he raised claims related to the traffic stop that precipitated the discovery of 191.5 pounds of marijuana in his vehicle.  Specifically, Murray alleged (1) the traffic stop was conducted in violation of his Fourth Amendment rights and (2) his trial counsel rendered ineffective assistance by not raising a Fourth Amendment challenge to the stop.

Murray's § 2254 petition was referred to a magistrate judge who prepared a comprehensive Report and Recommendation.  The magistrate judge recommended that Murray's Fourth Amendment claim be denied because he had a full and fair opportunity to litigate the claim in state court.  *See Stone v. Powell*, 428 U.S. 465, 494 (1976).  The Report and Recommendation then applied the standard set forth in the Antiterrorism and Effective Death Penalty Act to Murray's ineffective assistance claim, concluding the OCCA's adjudication of that claim was not contrary to, nor an unreasonable application of clearly established federal law.  28 U.S.C. § 2254(d).  After reviewing the Report and Recommendation and considering Murray's written objections, the district court adopted the recommended ruling and denied Murray's § 2254 petition.

This court cannot grant Murray a COA unless he can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).  In evaluating whether

-2-

Murray has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Murray is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Murray's application for a COA and appellate brief,[1] the Report and Recommendation, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Murray is not entitled to a COA. The district court's resolution of Murray's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings.

Because Murray has not "made a substantial showing of the denial of a constitutional right," he is not entitled to a COA. 28 U.S.C. § 2253(c)(2). Accordingly, this court **denies** Murray's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[1]In his appellate brief, Murray raises additional ineffective-assistance-of-counsel claims that were not presented to the district court or the OCCA. This court does not consider issues raised for the first time on appeal. *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999).