**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 29, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff–Appellee,

v.

MANUEL SAINZ-OCHOA,

        Defendant–Appellant.

No. 11-3086
(D.C. No. 2:08-CR-20057-KHV-3)
(D. Kansas)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

Defendant, a federal prisoner serving a 121-month sentence for a drug-related

crime, seeks a certificate of appealability to appeal the district court's denial of his § 2255

habeas petition. In 2009, Defendant pled guilty to conspiracy to distribute more than 500

grams of methamphetamine. The district court held a sentencing hearing at which it

determined the applicable sentencing guidelines range was 121-151 months. The court

then imposed a low-end sentence of 121 months, stating:

> I think the offense conduct would easily justify a sentence at the middle or
> high end of the guideline range, but especially given the defendant's health

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

situation, I think that 121 months would be sufficient but not greater than necessary to meet all of the federal purposes of the federal sentencing scheme.

(R. Vol. II at 55.)  In 2011, Defendant filed a pro se "motion for reconsideration of sentence" in which he requested the court to reconsider his sentence in light of his family history and cultural ties within the United States and his severe health issues, including a post-sentencing leg amputation.  Noting that it lacked the authority to resentence Defendant under 18 U.S.C. § 3582(c) and the Rules of Criminal Procedure, the court construed Defendant's motion as a § 2255 habeas petition asserting ineffective assistance of counsel at sentencing.  The court then concluded that Defendant's allegations did not meet the *Strickland* standard for showing ineffective assistance of counsel, *see Strickland v. Washington*, 466 U.S. 68, 687 (1984), and the court therefore rejected Defendant's request for relief.

In his appellate brief, Defendant does not disagree with the district court's re-characterization of his motion as one for habeas relief.  However, he contends the court erred in rejecting his claim of ineffective assistance based on his health problems, although he acknowledges that Tenth Circuit precedent would not have been very favorable to any further arguments defense counsel could have made regarding his health issues.  He also raises a new claim of ineffective assistance based on counsel's failure to raise an issue regarding a sentencing disparity created by another co-defendant's minor-role adjustment.

After thoroughly reviewing Defendant's brief and the record on appeal, we

conclude that reasonable jurists would not find the district court's resolution of Defendant's claims debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For substantially the same reasons given by the district court, we see no debatable error in the court's rejection of the argument that counsel provided ineffective assistance by failing to present additional arguments or evidence regarding Defendant's health issues and cultural ties. As for Defendant's new argument regarding sentencing disparity, we follow our general rule against considering issues raised for the first time on appeal. *See Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999). We therefore **DENY** Defendant's request for a certificate of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge