**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 3, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOAL WILLIAM GOODWIN,

    Defendant-Appellant.

No. 11-3302

(D.C. Nos. 6:11-CV-01189-EFM and
6:10-CR-10083-EFM)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE,** Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

---

Joal Goodwin, a federal prisoner appearing pro se, seeks a certificate of appealability (COA) in order to challenge the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence. Because Goodwin has failed to satisfy the standards for the issuance of a COA, we deny his request and dismiss this matter.

I

On May 25, 2010, Goodwin was indicted on a single count of bank robbery, in violation of 18 U.S.C. § 2113(a). On November 24, 2010, Goodwin entered into a

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

written plea agreement with the government and pled guilty to the count charged in the indictment. A presentence investigation report (PSR) was subsequently prepared by the probation office and provided to the district court and the parties. The PSR concluded, in pertinent part, that Goodwin was a career offender within the meaning of U.S.S.G. § 4B1.1. Based upon a total offense level of 29 and a criminal history category of V, the PSR indicated that "the guideline range for imprisonment [wa]s 151 to 188 months." ROA, Vol. 2 at 32. Goodwin did not object to the PSR. But Goodwin's counsel filed a sentencing memorandum requesting that the district court either depart downward or vary from the applicable guideline sentencing range. Goodwin's counsel argued that the seriousness of Goodwin's criminal conduct was overstated and that Goodwin's impulsive and reckless behavior which gave rise to the bank robbery charge was the result of substance abuse combined with Goodwin's mental illness. The district court sentenced Goodwin, on February 10, 2011, to a term of imprisonment of 151 months. Goodwin did not file a direct appeal.

On July 18, 2011, Goodwin filed a pro se motion under § 2255 to vacate, set aside, or correct sentence. In that motion, Goodwin asserted three claims of ineffective assistance of counsel: (1) his counsel was ineffective for failing to "go over [the sentencing] guidelines with [Goodwin]" so that Goodwin "could assist in" opposing any determination that he was a career criminal, ROA, Vol. 1 at 39; (2) his counsel "rushed the PSR [and] thus not a th[orough] job was done" and "counsel should have showed [sic] more an[alysis] of [Goodwin's] criminal history," id. at 41; and (3) "counsel reported and

showed a career offender record to [the] U.S. Attorney when he thought it was not a career offender record," and "counsel should have left it up to the PSR to find out" Goodwin's criminal history, id. at 42. The government filed a response in opposition to Goodwin's motion. In addition to addressing each of the three claims on the merits, the government cited United States v. Hahn, 359 F.3d 1315 (10th Cir. 2004), in support of its argument that Goodwin had waived his appellate and collateral review rights under the terms of the written plea agreement.

On August 30, 2011, the district court issued a memorandum and order denying Goodwin's motion. At the outset, the district court agreed with the government that, under the terms of the plea agreement, Goodwin had validly waived his collateral review rights. As an alternative basis for denial, the district court rejected on the merits each of the three claims of ineffective assistance asserted by Goodwin. In doing so, the district court noted that Goodwin's allegations were "conclusory" and "contradicted by the record." Id. at 66. In particular, the district court noted that the plea agreement expressly stated that Goodwin had sufficient time to discuss the case with his attorney and was "fully satisfied" with his attorney's advice and representation, id., that Goodwin understood and agreed with the contents of the agreement, and that the possibility of Goodwin being classified as a career offender was specifically mentioned. The district court further noted that Goodwin affirmed these statements under oath at the plea hearing. In sum, the district court concluded that Goodwin could "not meet his heavy burden in showing that his counsel was deficient," id. at 68, or that he was prejudiced in any way by

3

his counsel's conduct. Lastly, the district court denied Goodwin a COA.

Goodwin has since filed a notice of appeal, and a combined opening brief and application for COA.

## II

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, the denial of a § 2255 motion may be appealed only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(2). In turn, a COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. To make that showing, the applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

In his appellate brief, Goodwin discusses only one of the claims of ineffective assistance that he asserted below. Specifically, Goodwin argues in his appellate brief that his trial counsel was ineffective because he provided the "government [with] paperwork verifying that [Goodwin] was a career offender." Aplt. Br., Att. at 7. We conclude, however, that Goodwin has failed to satisfy the standards for issuance of a COA with respect to this claim. To begin with, Goodwin makes no attempt to explain why, in light of the plea agreement's clear and express waiver of Goodwin's collateral review rights, Goodwin should be allowed to pursue this claim on the merits. Moreover, even ignoring

the collateral review waiver, there is simply no support in the record for Goodwin's claim. Indeed, the record includes a sworn statement from the probation officer who prepared the PSR indicating that she prepared the criminal history portion of the PSR based upon "documents which were received from Tulsa County, Oklahoma District Court and Neosho County, Kansas District Court," and "not from the Government or defense counsel." ROA, Vol. 1 at 61.

Goodwin has also included in his appellate brief an issue that was not raised below. Specifically, Goodwin now alleges that "the government breeched [sic] the plea agreement . . . and the district court committed error in sentencing [him] in a manner inconsistent with the terms of the plea." Aplt. Br., Att. at 2. In support, Goodwin contends "there was a clearly articulated clause in the plea agreement . . . that stated [he] would be sentenced consistent with a downward variance from the . . . guideline range if [he] was deemed a career offender . . . and if . . . [he] could establish before the court that he was in fact a sufferer of significant mental health problems." Id. Given our general rule against considering issues raised for the first time on appeal, we find it unnecessary to address this new issue. See Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999).

The application for COA is DENIED and the matter is DISMISSED.


Entered for the Court


Mary Beck Briscoe
Chief Judge

5