**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 24, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVONTE LARON CHANEY,

Defendant - Appellant.

No. 23-3240
(D.C. No. 2:23-CV-02331-HLT)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **McHUGH**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

Petitioner Davonte Laron Chaney, appearing pro se, requests a certificate of

appealability ("COA") to challenge the district court's dismissal of his 28 U.S.C. § 2255

application. For the reasons stated below, we deny his request for a COA and dismiss the

matter.

I.

A federal jury found Petitioner guilty of bank robbery and brandishing a firearm

during a bank robbery. The district court sentenced Petitioner to 120 months'

imprisonment. After his conviction, Petitioner moved to vacate his sentences under 28

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 2255, contending he received ineffective assistance of counsel. The district court dismissed Petitioner's motion, holding Petitioner failed to show his attorney provided constitutionally ineffective assistance that prejudiced Petitioner. The district court also denied Petitioner a COA. Petitioner now requests from us a COA to appeal the district court's dismissal.

II.

To receive a COA, Petitioner must make a "substantial showing of the denial of a constitutional right." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)(2)). A petitioner makes such a showing if he demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Petitioner argues the district court violated his Sixth Amendment rights by prosecuting him while he was represented by ineffective counsel. The Sixth Amendment right to counsel includes a right to effective representation. Strickland v. Washington, 466 U.S. 668, 685 (1984). To establish a defendant received ineffective assistance of counsel, a defendant must show (1) his counsel provided constitutionally deficient assistance, and (2) the deficiency prejudiced the defendant. Id. at 687–88. Therefore, for us to issue Petitioner a COA, Petitioner must show "that reasonable jurists could debate whether" (1) Petitioner received constitutionally deficient representation, and (2) the deficiency prejudiced Petitioner. See Slack, 529 U.S. at 484.

2

First, Petitioner argues he received ineffective representation because his counsel failed to "get a document entered in over the weekend before court resumed Monday April 25, 2022." In reviewing a petition for a COA, we do not consider issues a petitioner did not raise in the district court. Owens v. Trammell, 792 F.3d 1234, 1246 (10th Cir. 2015) (quoting Lyons v. Jefferson Bank & Tr., 994 F.2d 716, 722 (10th Cir. 1993)). If a petitioner does not make an argument in his habeas petition, he waives that argument on appeal. Id. (citing Stouffer v. Trammell, 738 F.3d 1205, 1222 n.13 (10th Cir. 2013); Jones v. Gibson, 206 F.3d 946, 958 (10th Cir. 2000); Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999)). We will hold an argument waived even if a petitioner generally alleged ineffective assistance of counsel in his motion to vacate but includes a novel specific claim of ineffective assistance of counsel for the first time on appeal. See Milton v. Miller, 812 F.3d 1252, 1264 (10th Cir. 2016).

At the district court, Petitioner did not raise his claim about his counsel's failure to enter a document—in either his § 2255 motion or his reply brief.[1] So we hold that Petitioner waived the issue, and we do not consider it. See Owens, 792 F.3d at 1246.

Second, Petitioner argues—as he did in his § 2255 motion—that his counsel provided ineffective assistance by failing to move to suppress evidence discovered by law enforcement while executing a search warrant on Petitioner's residence and vehicle. Petitioner argues that law enforcement violated his Fourth Amendment rights by seizing and detaining him during the search.

---

[1] We need not—and therefore do not—answer whether we would review an issue a petitioner only made in a reply brief at the district court.

For a district court to suppress evidence on the basis of the Fourth Amendment, the movant must show that law enforcement would not have discovered the evidence "but for" the Fourth Amendment violation. United States v. Torres-Castro, 470 F.3d 992, 999 (10th Cir. 2006). Although Petitioner argues at length that law enforcement violated his Fourth Amendment rights by detaining him, Petitioner has not explained how his detention caused law enforcement to discover the evidence in his house or vehicle. Nor can he: law enforcement seized incriminating evidence from Petitioner's residence and vehicle subject to search warrants supported by probable cause. So even assuming law enforcement violated Petitioner's Fourth Amendment rights, Petitioner's counsel could not have successfully moved to suppress the evidence recovered during Petitioner's detainment.

Because Petitioner's Fourth Amendment argument lacks merit, reasonable jurists cannot debate whether Petitioner's counsel provided constitutionally deficient assistance by not raising the issue. See Slack, 529 U.S. at 484. We therefore deny Petitioner's request for a COA. Because we DENY Petitioner a COA, we do not reach the merits of his petition and DISMISS this matter.

Entered for the Court

Joel M. Carson III
Circuit Judge

4