FILED
United States Court of Appeals
Tenth Circuit

April 6, 2021

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

WAYNE HARLEY WHITE,

Petitioner - Appellant,

v.

SCOTT CROW,

Respondent - Appellee.

No. 20-5106
(D.C. No. 4:17-CV-00173-TCK-JFJ)
(N.D. Oklahoma)

_____

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **McHUGH, KELLY,** and **BRISCOE**, Circuit Judges.
_____

Petitioner Wayne Harley White, an Oklahoma state prisoner proceeding pro se,[1]

seeks a certificate of appealability ("COA") to challenge the district court's dismissal of

his habeas petition brought under 28 U.S.C. § 2254. Holding that his conviction,

sentence, and continued confinement did not violate the Constitution or federal law, the

district court denied Mr. White's petition for a writ of habeas corpus and denied a COA.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. White proceeds pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

We have reviewed Mr. White's pro se brief and the record materials, and we deny his request for a COA and dismiss this matter.

## I. BACKGROUND

An information filed in Delaware County, Oklahoma, charged Mr. White with one count of child sexual abuse. Under the charge, Mr. White faced a maximum term of life imprisonment. *See* Okla. Stat. tit. 21, § 843.5(E). Lee Griffin served as Mr. White's first attorney. Over a year after commencement of the state prosecution, Mr. White filed a pro se motion seeking removal of Ms. Griffin as counsel. The trial court granted Mr. White's motion and appointed Kathy Baker as Mr. White's new counsel. Four months later, Mr. White moved to remove Ms. Baker as counsel, with Ms. Baker shortly thereafter also moving to withdraw as counsel. The trial court granted the motions, and attorney J. Ken Gallon then represented Mr. White.

A jury trial resulted in a verdict of guilty. The jury, after finding that Mr. White sustained at least two prior convictions, selected a punishment of forty years' imprisonment. Mr. White sought appellate review in the Oklahoma Court of Criminal Appeals ("OCCA"). On appeal, Mr. White raised six issues: (1) ineffective assistance of counsel; (2) erroneous jury instruction during the punishment phase; (3) improper admission of other bad acts evidence; (4) improper exclusion of evidence related to the victim's prior conduct; (5) the sentence imposed was excessive; and (6) cumulative error. Relative to his ineffective assistance of counsel argument, Mr. White contended Ms. Griffin and Ms. Baker failed to inform him of and to finalize a plea agreement and that Mr. Gallon, at trial, failed to object to other bad acts evidence presented by the

2

prosecution. The OCCA remanded Mr. White's case to the trial court for an evidentiary hearing on his ineffective assistance of counsel argument relative to the plea agreement, but focused the remand inquiries on the actions of Mr. Gallon, rather than Ms. Griffin and Ms. Baker.

On remand, Mr. Gallon, the prosecutor, and Mr. White testified. The trial court found the prosecutor did not convey a plea offer after Mr. Gallon entered his appearance on Mr. White's behalf and that Mr. White had told Mr. Gallon "he was not interested in a plea deal." ROA, Vol. I at 201. The trial court further discredited Mr. White's testimony that he would have accepted a plea agreement. It reasoned that when a plea deal was available, Mr. White "rejected [it] not only once, but twice with his first attorney, [as well as when it] was conveyed a third time by his second attorney." *Id*. The trial court expanded on this finding, stating:

> The decision for the [OCCA] cannot be made in the vacuum proposed by the counsel involved herein, i.e., whether J. Ken Gallon failed in his representation of [Mr. White] in failing to seek an offer for plea or having a hearing before trial about his client's refusal to even talk about a plea. Given that [Mr. White] had twice been set for plea and at the last minute, before the plea hearing and after the paperwork had been done, refused to do the deal, and the second time kept stating he didn't understand the plain explanation of his rights, causing a mental evaluation to be done, and then refusing to talk to his attorney, becoming verbally abusive and writing to the Court seeking discharge of his court-appointed attorney. Having a second attorney, who conveyed the offer with the recommendation that he take it given the evidence and his record, which precipitated a second, I won't talk to you, and a letter to discharge her after verbally attacking her. The likelihood is that if J. Ken Gallon had sought a plea offer, that he would have been subject to the same position as the prior two attorneys.

*Id.* at 202. And the trial court adopted the following conclusion of law: "This Court finds that under the *Strickland* [*v. Washington*, 465 U.S. 668 (1984)] case and its progeny, J.

3

Ken Gallon's representation of [Mr. White] was not deficient and a new trial or modification to a sentence [Mr. White] refused three times but now wishes that he had is not justified." *Id.* at 203. Consistent with the focus of the remand order, however, the trial court did not state any conclusions of law regarding the adequacy of Ms. Griffin's and Ms. Baker's representation.

The OCCA reviewed the trial court's findings of facts and conclusions of law and applied *Strickland* to Mr. White's ineffective assistance claims. The OCCA summarily rejected the claims, stating: "Reviewing the trial court's findings and conclusions and the record presented, we find no merit to [Mr. White's] allegations of deficient performance in any of his trial counsel's handling of the State's offer to plead." ROA, Vol. I at 272. The OCCA also rejected Mr. White's other five arguments for relief. Specific to Mr. White's contention that the trial court erroneously excluded evidence drawing into question the victim's credibility, the OCCA stated:

> Trial judges may constitutionally exclude defense evidence that is repetitive, only marginally relevant, or poses an undue risk of harassment, prejudice, or confusion of the issues. *Summers v. State*, 2010 OK CR 5, ¶ 62, 231 P.3d 125, 145; *Holmes v. South Carolina*, 547 U.S. 319, 324 . . . (2006). We find the trial court did not abuse its discretion in the exclusion of evidence that was either inadmissible or only marginally relevant, and potentially confusing to the jury about the issues on trial. 12 O.S.2011, §§ 2401, 2403, 2412(A)(1), (B)(2). Even without this evidence, "there was sufficient information presented to the jury to allow it to evaluate" the complainant's credibility, and thus no violation of the Sixth Amendment. *Mitchell v. State*, 2011 OK CR 26, ¶ 58, 270 P.3d 160, 178.

*Id.* at 273–74.

Mr. White sought habeas review in the federal district court, raising the six issues he presented to the OCCA. Relative to his ineffective assistance of counsel claims,

4

Mr. White continued to assert that Ms. Griffin and Ms. Baker performed deficiently by not communicating plea offers to him and not finalizing any agreements offered by the prosecutor. Within these claims for relief, Mr. White also faulted the OCCA for limiting the scope of the evidentiary hearing to actions by Mr. Gallon and focusing its disposition only on whether Mr. Gallon rendered ineffective assistance. The district court denied relief and denied a COA.[2] As to Mr. White's ineffective assistance claims, the district court held the OCCA reached the merits of the claim and did not unreasonably apply clearly established federal law.

Mr. White seeks a COA from this court. He advances an ineffective assistance of counsel claim relative to Ms. Griffin's and Ms. Baker's representation during plea negotiations. Liberally construing his brief, Mr. White also advances his contention that the trial court deprived him of the opportunity to present a full defense when it precluded him from questioning the victim about her prior conduct. Mr. White, however, does not advance arguments relative to the other four issues he raised before the OCCA and the district court.[3]

---

[2] For reasons that are not apparent from the record, over three years elapsed from the completion of briefing on Mr. White's § 2554 petition until the district court's order.

[3] Before this court, Mr. White does advance claims of actual innocence and insufficiency of the evidence. However, as Mr. White recognizes, he has not previously advanced these claims. *See* Appellant's Op. Br. at 12–13 ("The words were not expressed by appellate counsel, though the argument does lend support to the fact of actual innocence inartfully argued by this pro se Petitioner. He was not aware of the fact that he could claim to be actually and factually innocent, and it seems that his appellate attorney didn't think that she could argue that . . . ."). Because Mr. White did not present these claims to the OCCA or the district court, we do not entertain them. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a

## II. DISCUSSION

### A. Standard Governing § 2254 Petitions

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication . . . to the contrary." *Harrington v. Richter*, 562 U.S. 86, 99 (2011). When a petitioner includes in his habeas application a "claim that was adjudicated on the merits in State court proceedings," a federal court shall not grant relief on that claim unless the state-court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2). Under § 2254(d)(1), a state-court decision is "contrary to" the Supreme Court's clearly established precedent if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a

---

state prisoner, the prisoner must exhaust his remedies in state court."); *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999) ("[W]e will generally not consider issues raised on appeal that were not first presented to the district court.").

Mr. White, also for the first time, advances an argument under *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). Under *McGirt*, the Supreme Court recognized (1) much of eastern Oklahoma remains an Indian reservation; and (2) a state lacks the ability to prosecute an Indian for criminal conduct occurring on an Indian reservation. *Id.* at 2459–60; *see also id.* at 2482. While it may be the case that the offense underlying Mr. White's conviction occurred within an Indian reservation, Mr. White does not identify, and we have not found, any evidence in the record suggesting he is an Indian. Accordingly, Mr. White has not established entitlement to relief under *McGirt*.

result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). A state-court decision is an "unreasonable application" of Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407–08. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly"; "that application must also be unreasonable." *Id.* at 411. Even when the state court does not explain its decision, the petitioner must still show "there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98. However, the previously described deference is not due to the state court on claims raised in state court but not "adjudicated on the merits." *Fairchild v. Trammell*, 784 F.3d 702, 711 (10th Cir. 2015).

"Our review of a state court's factual determinations under § 2254(d)(2) is even narrower." *Ryder ex rel. Ryder v. Warrior*, 810 F.3d 724, 739 (10th Cir. 2016). "We may not characterize these state-court factual determinations as unreasonable 'merely because we would have reached a different conclusion in the first instance.'" *Brumfield v. Cain*, 576 U.S. 305, 313–14 (2015). We must instead accord the state court's factual findings "substantial deference." *Id.* at 314. "If 'reasonable minds reviewing the record might disagree about the finding in question,'" we must defer to the state court's decision. *Id.* (quoting *Wood*, 557 U.S. at 301). "But where the state courts plainly misapprehend or misstate the record in making their findings, and the misapprehension goes to a material factual issue that is central to petitioner's claim, that misapprehension can fatally

7

undermine the fact-finding process, rendering the resulting factual finding unreasonable." *Ryder*, 810 F.3d at 739 (internal quotation marks omitted). Under this standard, "the petitioner must show that the state court's adjudication of the claim 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.'" *Byrd v. Workman*, 645 F.3d 1159, 1172 (10th Cir. 2011) (quoting 28 U.S.C. § 2254(d)(2)). The petitioner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### B. *Ineffective Assistance of Counsel Claim*

We commence our analysis by determining whether the OCCA adjudicated the merits of the ineffective assistance of counsel claim Mr. White continues to advance in this court. Recall, Mr. White asserted that Ms. Griffin and Ms. Baker performed deficiently by not properly conveying all plea offers by the prosecutor and not finalizing any plea agreement. However, both in its remand order and its order disposing of Mr. White's appeal, the OCCA focused only on the actions of Mr. Gallon. Notably, the OCCA's dispositive order names only Mr. Gallon and focuses on "trial counsel's" performance, identifying counsel in the singular and focusing the analysis on the counsel who represented Mr. White at the trial stage. Thus, nothing in the record suggests the OCCA ever considered whether Ms. Griffin and/or Ms. Baker performed deficiently. And, while the trial court, on remand, made findings of fact relevant to Ms. Griffin's and Ms. Baker's performance, it limited its conclusions of law section, in accord with the scope of the OCCA remand order, to the performance of Mr. Gallon. Therefore, while Mr. White presented an ineffective assistance of counsel claim relative to Ms. Griffin and

8

Ms. Baker to the Oklahoma courts, there is strong indication in the record that the Oklahoma courts overlooked this claim. Thus, we conclude Mr. White has overcome the presumption that his ineffective assistance of counsel claim based on Ms. Griffin's and Ms. Baker's performance was adjudicated on the merits by an Oklahoma state court. Accordingly, § 2254 deference does not apply to this claim, and the district court erred by applying such deference.

The district court's application of § 2254 deference, however, is not sufficient for Mr. White to obtain a COA. Rather, "[a] COA will issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Charlton v. Franklin*, 503 F.3d 1112, 1114 (10th Cir. 2007) (quoting 28 U.S.C. § 2253(c)(2)). "This standard requires 'a demonstration that includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

"[T]he negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel." *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010). "Like other claims of ineffective assistance of counsel, ones made 'in the plea bargain context are governed by the two-part test set forth in *Strickland*.'" *United States v. Watson*, 766 F.3d 1219, 1225 (10th Cir. 2014) (quoting *Missouri v. Frye*, 566 U.S. 134, 140 (2012)). "This test requires a defendant to demonstrate that counsel's performance (1) was unconstitutionally deficient, and (2) resulted in prejudice." *Id*. On the first prong, "defense counsel has the duty to communicate formal offers from the

9

prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 566 U.S. at 145. On the second prong, "to demonstrate prejudice, 'a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Watson*, 766 F.3d at 1225 (quoting *Lafler v. Cooper*, 566 U.S. 156, 163 (2012)). To demonstrate prejudice in the context of alleged ineffective assistance of counsel at the plea bargaining stage, a defendant must show that, had counsel presented the offer, there is "a reasonable probability . . . (1) the defendant would have accepted it; (2) the state would not have withdrawn or cancelled the offer; (3) the court would have accepted the plea; and (4) the plea would have led to a more favorable result for the defendant." *Smith v. Allbaugh*, 921 F.3d 1261, 1271 (10th Cir. 2019).

During the state remand proceeding the trial court found Ms. Griffin and Ms. Baker communicated plea offers to Mr. White and Mr. White rejected the offers.[4] Not only are these findings of fact not unreasonable but they are also fully supported by the record. Ms. Griffin engaged in plea discussions with the prosecutor, culminating in an offer by the prosecutor of a life sentence with all but the first twelve years suspended. Mr. White indicated a willingness to accept the plea agreement. A written plea agreement was drafted and signed by counsel, and the trial court scheduled Mr. White's case for a plea hearing. Accordingly, there can be no debate that, contrary to Mr. White's

---

[4] The Honorable Robert G. Haney presided over hearings discussing plea agreements and the dismissal of Mr. White's counsel, Mr. White's trial, and the remand proceeding.

contention in this proceeding, Ms. Griffin *did* communicate to Mr. White the plea offer of a life sentence with all but twelve years suspended. Furthermore, the record shows Mr. White is responsible for this plea agreement not coming to fruition. Mr. White first indicated to the trial court that he did not understand the terms of the plea agreement, then he underwent a competency examination resulting in a finding that he was competent, and finally he requested a jury trial rather than continuing with the plea agreement. The record further reflects Ms. Baker informed Mr. White of a plea offer, advising him to accept the offer given the evidence against him and that a conviction would result in a possible life sentence. And, during Mr. Gallon's representation, Mr. White professed his innocence, giving Mr. Gallon the impression he would not accept any plea offer.

In accord with the well-supported factual findings by the state trial court, it is apparent Ms. Griffin and Ms. Baker each conveyed plea offers to Mr. White. Thus, neither attorney performed deficiently. Furthermore, even if Mr. White could establish deficient performance, he could not satisfy the prejudice prong for ineffective assistance of counsel because the record supports the conclusion he would not have accepted a plea agreement. Therefore, Mr. White has not demonstrated that reasonable jurists could disagree regarding the merits of his ineffective assistance of counsel claim based on Ms. Griffin's and Ms. Baker's representation.

### C. Exclusion of Evidence Claim

Liberally construing his appellate brief and relying in part on his briefing in the district court and the OCCA, Mr. White contends the trial court deprived him of a fair

trial and the opportunity to present a full defense by not allowing him to present evidence drawing into question the victim's credibility. Mr. White sought to introduce evidence the victim (1) made a false allegation of sexual assault against another individual; and (2) created a secondary Facebook profile for the purpose of engaging in sexual activity. As to the first item, although the prosecutor filed a motion in limine to exclude the evidence, the trial court permitted Mr. White to question the victim and the victim's mother about the other allegation. Thus, this ruling by the trial court placed no limitation on Mr. White's ability to present a defense.[5]

As to the second item, here the trial court did limit the scope of defense questioning. While Mr. White hoped to cross-examine the victim both about the creation of the Facebook profile and the purpose of the profile, the trial court limited questioning to the victim's creation of the false profile and precluded questioning on the victim's motivation for creating the profile.

"The Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984)). However, the Supreme Court has recognized this right is not unrestricted as "state and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials."

---

[5] To the extent the prosecutor moved to exclude testimony from the individual the victim previously accused of sexual misconduct, the trial court ruled the motion moot because Mr. White could not locate the individual. The absence of the witness is obviously not attributable to the trial court, and Mr. White does not contend Mr. Gallon provided ineffective assistance based on the failure to locate the witness.

12

*Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (quoting *United States v. Scheffer*, 523 U.S. 303, 308 (1998)). Furthermore, "trial judges retain wide latitude . . . to impose reasonable limits on . . . cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). As a result of these principles, "[o]nly rarely" has the Supreme Court "held that the right to present a complete defense was violated by the exclusion of defense evidence under a state rule of evidence." *Nevada v. Jackson*, 569 U.S. 505, 509 (2013).

Under Oklahoma law, in a criminal case charging a sexual offense, "[e]vidence of reputation or opinion regarding other sexual behavior of a victim or the sexual offense alleged" is not admissible. Okla. Stat. tit. 12, § 2412(A)(1). This rule of evidence adopts a limitation on evidence similar to that found in Federal Rule of Evidence 412. *See* Fed. R. Evid. 412(a) (precluding admission of "evidence offered to prove that a victim engaged in other sexual behavior" and "evidence offered to prove a victim's sexual predisposition"). And federal courts have upheld the exclusion of evidence delving into the sexual history and pursuits of a victim in a case charging a sexual offense. *See United States v. Isabella*, 918 F.3d 816, 838–39 (10th Cir. 2019) (rejecting constitutional challenge to exclusion of evidence under Federal Rule of Evidence 412 where defendant had alternative means to impeach the victim); *see also Austin v. Ray*, 124 F.3d 216, 1997 WL 476102, at *4 (10th Cir. 1997) (unpublished) ("It is well recognized that testimony concerning a sex crime victim's past sexual behavior involves the risk of unfair prejudice to the State, and it is in part for this reason that several states, including Oklahoma, have

13

passed rape shield laws restricting the use of such testimony." (citing Okla. Stat. tit. 12, § 2412)). Mr. White does not present an argument for why the trial court was not within its right to apply the state evidentiary rule. Given this case law, and because the trial court permitted Mr. White to pursue other avenues of cross-examination challenging the victim's credibility, the OCCA did not unreasonably apply federal law when rejecting Mr. White's claim of error based on the trial court's exclusion of evidence.

## III. CONCLUSION

For the foregoing reasons, we DENY Mr. White's request for a COA and DISMISS this matter.

Entered for the Court


Carolyn B. McHugh
Circuit Judge