**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 24, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

PHILIP HUDSON,

    Petitioner - Appellant,

v.

STEVEN HARPE,

    Respondent - Appellee.

No. 23-6181
(D.C. No. 5:23-CV-00299-J)
(W.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY*
_____

Before **BACHARACH**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Petitioner-Appellant Philip Hudson seeks to appeal from the district court's dismissal of his 28 U.S.C. § 2254 petition with prejudice. Hudson v. Harpe, No. CIV-23-299-J, 2023 WL 6879347 (W.D. Okla. Oct. 18, 2023). Mr. Hudson, a member of the Muscogee (Creek) Nation was convicted in state court of child abuse by injury. He was sentenced to a lengthy prison term, and his convictions and sentences were affirmed on direct appeal January 26, 2016. Since that time, he has filed several post-conviction applications for relief; most recently the Oklahoma Court of Criminal Appeals (OCCA) rejected his third application for post-conviction relief, determining that McGirt v.

---

* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Oklahoma, 140 S. Ct. 2452 (2020), was not retroactive. R. 216–18. He argues that the OCCA violated his due process rights when it affirmed a state district court order reversing and overruling an earlier order granting his third post-conviction application.

## Background

The magistrate judge determined that Mr. Hudson's state conviction became final on April 26, 2017, but the one-year limitation period expired on January 18, 2019, due to statutory tolling associated with an unsuccessful first state post-conviction application. Hudson v. Harpe, No. CIV-23-299-J, 2023 WL 7361256, at *3 (W.D. Okla. Sept. 15, 2023). Mr. Hudson filed his federal application on April 10, 2023, and an amended petition on June 26, 2023. Accordingly, Mr. Hudson's petition is time-barred. Essentially, Mr. Hudson maintains that the proper date from which the one-year limitation period should run is June 29, 2022, when the Supreme Court decided Oklahoma v. Castro-Huerta, 597 U.S. 629 (2022).

## Discussion

This appeal may not proceed unless this court grants a certificate of appealability (COA). See 28 U.S.C. § 2253(c)(1)(A). To merit a COA, Mr. Hudson must make "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). Where, as here, a district court dismisses a petition on procedural grounds, Mr. Hudson must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

2

Mr. Hudson maintains that his one-year time period under 28 U.S.C. § 2244(d)(1) should run from the date of the decision in Castro-Huerta because only then did he discover the factual predicate of his claim.  See 28 U.S.C. § 2244(d)(1)(D).  He also argues in favor of equitable tolling based upon the Castro-Huerta decision.

No reasonable jurist would conclude that Castro-Huerta could toll the period here. Castro-Huerta held that the federal government and the state have concurrent jurisdiction to prosecute crimes by non-Indians committed against Indians in Indian Country.  597 U.S. at 638–40.  Because Mr. Hudson is a member of the Muscogee (Creek) Nation — and therefore, an Indian — Castro-Huerta does not apply to this case.  To the extent Mr. Hudson is arguing that the exceptions to the one-year limitation period contained in §§ 2244(d)(1)(C) or (D) apply given the Supreme Court's decision in McGirt, they do not.[1] See Davis v. Bridges, No. 22-6107, 2024 WL 140026, at *5, n.8 (10th Cir. Jan. 12, 2024).  Moreover, Mr. Hudson did not argue for equitable tolling in the district court, and generally an issue is waived if not raised below.  See Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999).

---

[1] Likewise, state post-conviction applications filed after the federal limitation period has run do not extend it.  Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006); see also 28 U.S.C. § 2244(d)(2).

We DENY a COA, DENY his motion for leave to proceed in forma pauperis for want of rational argument on the law and the facts, and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge